UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, INC., a Washington corporation,<br><br>Defendant. | Case No. 2:18-cv-00738-KJD-CWH<br><br>**ORDER** |

Before the Court is Defendant Switch Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (#5) to which Plaintiff Switch, LTD. responded (#7), and Defendant replied (#8). Also before the Court is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (#17) to which Defendant responded (#18), and Plaintiff replied (#19).

In this trademark infringement action, Plaintiff Switch, LTD., a Nevada company, alleges that Defendant Switch, Inc., a Washington corporation, has employed a confusingly similar name and logo to market its services thereby decreasing the value of Plaintiff's trademarks and other intellectual property. (#7, at 5). Defendant has not yet answered the complaint but has instead moved to dismiss for lack of personal jurisdiction. (#5). It claims that its contacts with Nevada are insufficient to subject the company to personal jurisdiction in this Court. Id. at 6–7. Plaintiff admits there is not general personal jurisdiction over Defendant in Nevada but counters that Defendant has sufficient minimum contacts with the state to confer specific personal jurisdiction. (#7, at 3–4). Specifically, Plaintiff alleges that Defendant has attended tradeshows in Nevada, has marketed its products using the hashtag "#LasVegas," has targeted Nevada with its website, and has derived revenue from Nevada-based clients. Id. at 2. If true, Defendant would indeed be

1 subject to personal jurisdiction in Nevada.

2 Defendant's CEO, Chris Hopen, denies that the company has received revenue from Nevada-based companies or that it has targeted the state in any way. (#5, Exh. 1). Hopen has provided two declarations to that effect. (#5, Exh. 1; #8, Exh. 1). In response, Plaintiff submitted evidence from Defendant's own website that suggests Defendant has indeed provided its products and services to at least one Nevada company, Zappos. (#7, Exh. A). On that basis, Plaintiff asks the Court to deny the motion to dismiss or, in the alternative, to allow limited jurisdictional discovery to probe the extent of Defendant's commercial contacts within the state of Nevada.

The Court has broad discretion to grant leave to conduct jurisdictional discovery. <u>Laub v. U.S. Dept. of the Interior</u>, 342 F.3d 1080, 1093 (9th Cir. 2003). It should allow such discovery where the facts supporting jurisdiction are unclear or controverted or where discovery would assist the Court's jurisdictional analysis. <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1020 (9th Cir. 2008). While Plaintiff need not make a prima facie case of personal jurisdiction to warrant discovery, it must demonstrate more than a "hunch" that the discovery will uncover facts relevant to Defendant's ties to Nevada. <u>Id.</u>; <u>Hall v. United States</u>, No. 16-cv-02395-BAS-RBB, 2017 WL 3252240, *4 (S.D. Cal. July 31, 2017).

Here, Plaintiff has presented evidence from Defendant's own website that Defendant has interacted with Nevada residents to market its products and services. If proven, that fact would both contradict Defendant's sworn declaration and likely subject Defendant to personal jurisdiction in Nevada. As a result, the Court grants Plaintiff's Motion to Conduct Jurisdictional Discovery (#17) subject to the limitations enumerated below. It also denies without prejudice Defendant's Motion to Dismiss (#5) pending discovery.

Next, the Court must determine the scope of jurisdictional discovery it will allow. Plaintiff seeks discovery to explore four of Defendant's potential contacts with Nevada: (1) whether Defendant's marketing and advertising targeted Nevada (#17, at 5–6); (2) whether Defendant's CEO Chris Hopen attended the MONEY 20/20 Convention in Las Vegas in his capacity as CEO (<u>id.</u> at 6); whether Defendant has a business relationship with Nevada-based

Zappos sufficient to confer personal jurisdiction (id. at 6–7); and whether, and to what extent, Defendant's website specifically targets Nevada residents (id. at 7). To that end, Plaintiff asks that it "be permitted to send written discovery requests," to "depose [CEO] Chris Hopen," and to "send a subpoena to Zappos to learn the true details of the relationship between Defendant and Zappos." Id. at 5, 6.

Defendant does not necessarily oppose Plaintiff's request for jurisdictional discovery. (#18, at 1). It does, however, request that the Court limit the scope of that inquiry to the discovery Plaintiff has requested, namely: written discovery requests to probe jurisdictional issues, the deposition of CEO Hopen, and one third-party subpoena to Zappos to explore the relationship between the two entities. Id. at 1–2.[1]

Due to the unclear and controverted nature of Defendant's ties to Nevada, limited discovery will assist the Court in its jurisdictional analysis. See Boschetto, 539 F.3d at 1020 (discovery is appropriate where the facts bearing on jurisdiction are unclear or controverted). However, the Court sees no reason to expand discovery outside of what Plaintiff requested in its original motion. Accordingly, the Court opens jurisdictional discovery for ninety (90) days. During that time (1) Plaintiff may send written discovery to explore whether Defendant's contacts with Nevada—including its web presence and advertising—are sufficient to subject Defendant to personal jurisdiction in Nevada; (2) Plaintiff may depose Defendant's CEO Chris Hopen; and (3) Plaintiff may subpoena Zappos to evaluate whether it has a business relationship with Defendant and whether that relationship is enough to confer personal jurisdiction.

If it wishes, Defendant may renew its motion to dismiss within fourteen (14) days of the close of jurisdictional discovery. Plaintiff shall respond to the renewed motion to dismiss in fourteen (14) days, and Defendant may reply in seven (7) days. The Court is cognizant of Plaintiff's concern that it might uncover additional contacts between Defendant and the forum state during the course discovery. If the Plaintiff discovers such information, the parties are to meet and confer to facilitate further discovery. See Fed. R. Civ. P. 26(f); LR 26-7. If after the

---

[1] Defendant also requests that the Court delay discovery until after a scheduled settlement conference. (#18, at 1). To the Court's knowledge, that settlement conference was scheduled for December 12, 2018. (#19, at 2). The Court assumes that conference has occurred and that it need not delay discovery any longer.

meet and confer the parties are unable to agree, they may petition the magistrate judge for appropriate relief, including expanding the time limitations and scope of this order.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (#17) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#5) is **DENIED** with leave to refile within fourteen (14) days of the close of jurisdictional discovery;

**IT IS FURTHER ORDERED** that the matter is hereby referred to the Magistrate Judge assigned to this case for the resolution of any requests related to the jurisdictional discovery.

Dated this 12th day of March, 2019.

_____
Kent J. Dawson
United States District Judge